IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENECA INSURANCE COMPANY INC., § § § Plaintiff, § § v. § § BHAGAT HOLDINGS, LTD., § § Defendant. § | Civil Action No. 3:20-CV-0293-N |

# MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Seneca Insurance Company, Inc.'s ("Seneca") motion to exclude expert testimony and for summary judgment [17], [19]. Because the Court finds that Plaintiff Bhagat Holdings, Ltd. ("Bhagat") has raised genuine issues of fact on its claims, the Court denies Seneca's motion for summary judgment in its entirety. Because the appraisal has settled the issue of damages for which Seneca might bear liability, the Court partially grants Seneca's motion to exclude expert testimony.

## I. THE ORIGINS OF THE DISPUTE

This suit pits the owner of a commercial property against its former insurer. Bhagat filed a claim with Seneca seeking payment for damage that Bhagat alleges resulted from a hailstorm. Pl.'s Compl. ¶ 11 [1]. Following an investigation, Seneca denied the claim. *Id.* ¶ 12. After receiving notice of the denial, Bhagat sent a demand letter threatening litigation and detailing Bhagat's legal theory. *See* Ex. 1 to Pl.'s Br. Resp. to Def.'s Mot. for Leave [15-1]. Bhagat subsequently made good on its threat, filing suit in state court. *See* Ex. 3

ORDER – PAGE 1

to Pl.'s Br. Resp. to Def.'s Mot. for Leave [15-3].  Bhagat, however, nonsuited that action voluntarily shortly after filing it.  Pl's Compl. ¶ 13.  Thereafter, Bhagat sought an appraisal. *Id.*  Seneca agreed to participate, but not before reiterating that it denied liability for the damage. *Id.* ¶ 14.  The appraisal concluded almost four years after the storm that Bhagat claims damaged its building, with a finding that Bhagat had suffered over a million dollars in damages. *Id.* ¶ 15.

Seneca filed this action seeking a declaration that it bears no responsibility for the damage identified in the appraisal. *Id.* ¶¶ 17–20.  Bhagat answered and advanced two counterclaims. *See generally* Def.'s Orig. Answer and Countercls. [5].  First, Bhagat seeks remedy for an alleged breach of its contract with Seneca. *Id.* ¶¶ 26–27.  Bhagat's assertion that the damage did result from a covered event — and nothing else — underpins its claim for breach of contract. *Id.*  Hence this counterclaim and Seneca's declaratory judgment action are legally indistinguishable.  Bhagat also seeks damages under a provision of the Texas Insurance Code. *Id.* ¶ 33.  Seneca has now moved for summary judgment and to strike the testimony of Bhagat's sole expert witness, Carl Johnson.

## II. THE SUMMARY JUDGMENT STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).  In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).  The moving party bears the initial burden of informing the court of

ORDER – PAGE 2

the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

When a party bears the burden of proof on an issue, she "must establish beyond peradventure all of the essential elements of the claim or defense to warrant judgment in [her] favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (emphasis omitted). When the nonmovant bears the burden of proof, the movant may demonstrate entitlement to summary judgment by either (1) submitting evidence that negates the existence of an essential element of the nonmovant's claim or affirmative defense, or (2) arguing that there is no evidence to support an essential element of the nonmovant's claim or affirmative defense. *Celotex*, 477 U.S. at 322–25.

Once the movant has made this showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Moreover, "[c]onclusory allegations, speculation, and unsubstantiated assertions" will not suffice to satisfy the nonmovant's burden. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc). Indeed, factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT DENIES SUMMARY JUDGMENT

Seneca has failed to establish its entitlement to summary judgment. First, Bhagat has raised a fact issue as to the coverage window, negating Seneca's argument that Bhagat's evidence does not allow a jury to segregate covered and uncovered hail damage. Second, the Court finds Bhagat's expert report competent as summary judgment evidence, and the report's conclusions suffice to create a fact issue as to whether the hail damage resulted from a covered peril.

#### *A. Bhagat Raises a Fact Issue as to the Duration of Coverage*

The parties disagree as to the relevant coverage window during which Bhagat must show that the hail damage occurred to succeed at trial. Bhagat argues that he renewed his policy with Seneca and extended coverage until June 14, 2017. The Court agrees that Bhagat can identify evidence in the record sufficient to raise a fact issue on this point. Thus, the Court declines Seneca's invitation to grant summary judgment on the basis that Bhagat's expert's conclusion as the timing of damage runs beyond June 2016.

Bhagat has placed documents in the record suggesting that Seneca extended its coverage for a second year. First, Bhagat includes a notice of nonrenewal from Seneca sent in March 2017 that lists the termination date of the policy as June 14, 2017. Pl.'s App. 29 [28]. This communication refers to a policy number identical to the number in the original policy documents provided by Seneca. *Compare id. with* Def.'s App. 1 [20-1]. Bhagat can also point to emails between Seneca employees, ostensibly produced by Seneca in discovery, discussing the renewal and the changes to be made to pricing terms. Pl.'s App. 44–45. These documents create a fact issue as to the time period during which Seneca

ORDER – PAGE 4

covered Bhagat's property. As such, the Court declines to hold that evidence pertaining to damage that occurred after June 14, 2016 is deficient as a matter of law.

### B. The Court Will Not Disregard Johnson's Report

The Court concludes that the expert report at issue constitutes competent summary judgment evidence. Bhagat relies on an expert report prepared by its expert, Carl Johnson, to establish the timing of the hail damage. Regardless of whether Johnson's conclusion places the time of damage within the coverage period, Seneca argues, the Court should disregard Johnson's report and grant summary judgment in its favor. First, Seneca attacks the substance of the report, contending that Johnson's conclusions lack adequate factual predicate and are merely conclusory. Second, Seneca asserts that the Court may not consider an unsworn report and challenges the sufficiency of Johnson's later affidavit. The Court disagrees on both points.

*1. The Report's Content Does Not Render It Merely Conclusory.* — At the summary judgment stage, a court may properly disregard a purported expert's report that states a bare conclusion without adequate factual support. There "is a level of conclusoriness below which an affidavit must not sink if it is to provide the basis for a genuine issue of material fact, and unsupported expert affidavits setting forth ultimate or conclusory facts and conclusions of law are insufficient to either support or defeat a motion for summary judgment." *Stagliano v. Cincinnati Ins. Co.*, 633 F. App'x 217, 219–20 (5th Cir. 2015) (internal quotation marks omitted). "Without more than credentials and a subjective opinion, an expert's testimony that 'it is so' will not suffice." *Orthopedic & Sports Injury Clinic v. Wang Lab., Inc.*, 922 F.2d 220, 225 (5th Cir. 1991). In a recent hail

ORDER – PAGE 5

damage case, for example, the district court granted summary judgment after striking an expert's report on the timing of hail damage at the insured property. *Stagliano*, 633 F. App'x at 218. The Fifth Circuit affirmed, reasoning that the report's conclusion consisted of nothing more than a recitation of the expert's credentials and an unsupported assertion that the damage at the property occurred on the date the insurer had identified as the date of loss. *Id.* at 220.

Johnson's report crosses this threshold. Johnson *does* refer to his credentials and draws a conclusion regarding the timing of loss. This conclusion, however, does not want for factual support. First, Johnson explains how he analyzed the work of others — underwriting reports from before the policy incepted and a structural engineer's report from September 2017 — to narrow down the time the loss could have occurred. Pl.'s App. 57–58. He further explains how and from what sources he drew meteorologic data and observations of weather events to determine the timing of loss. *Id.* at 59. These explanations lend factual support to his ultimate conclusion. Further, the fact that Johnson disagrees with some of the conclusions drawn by the structural engineer does not render Johnson's report conclusory as a matter of law. Johnson may rightfully rely on his experience to interpret the *contents* of the report (including the extensive photographic evidence) without adopting the engineer's conclusions. The question of which expert's conclusion to accept is one of credibility properly left to the jury. Accordingly, the Court will not disregard Johnson's report based solely on its contents.

ORDER – PAGE 6

### *2. Johnson's Affidavit Allows the Court to Consider the Report at This Stage.* —

At the summary judgment state, a party may not rely on inadmissible evidence. FED. R. CIV. P. 56(c)(2) (stipulating that inadmissibility of evidence relied on to show a fact issue constitutes a valid ground of objection); *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187, 192 (5th Cir. 1991). The rule excluding hearsay evidence would ordinarily apply to a document, like a report containing an expert's opinion, offered by a party to establish the truth of the assertions in the report. FED R. EVID. 801(c). An exception exists, however, with respect to regularly made business records authenticated by the testimony of the custodian of those records. Specifically, Rule 803(6) provides:

> A record of an act, event, condition, opinion, or diagnosis if:
>
> (A) the record was made at or near the time by — or from information transmitted by — someone with knowledge;
>
> (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;
>
> (C) making the record was a regular practice of that activity;
>
> (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and
>
> (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.

At the summary judgment stage, the affidavit of the custodian or a qualified witness such as the employee who made the record will suffice to authenticate it. *See, e.g.*, *Stokes v. Dallas Cty.*, 2012 WL 12897344 *2 (N.D. Tex. 2012) (Godbey, J.).

In his affidavit, Johnson asserts under penalty of perjury that he is the custodian of records as Riverstone, the company that issued the report. Pl.'s App. 52. He further attests

ORDER – PAGE 7

to the conditions under which the report was made, including that creation and maintenance of the record corresponded with the regular business practices of Riverstone and that such records were regularly made by employees with personal knowledge at or near the time of the act, occurrence, or condition. *Id.* The Court holds that this attestation satisfies the requirements of Rule 803(6)(D) and establishes the admissibility of Johnson's report under the business records exception.

Seneca relies on inapposite countervailing authority. In the primary case on which Seneca relies, the proponent of the challenged expert report did not argue for the admissibility of the report based on the business records exception. Instead, the dispute between the parties centered on whether a later affidavit could render an earlier unsworn report competent under Rule 56(c)(4), which permits consideration of facts asserted in affidavits at the summary judgment stage. *Highland Capital Mgmt. L.P. v. Bank of Am.*, 2013 WL 4502789 *5 (N.D. Tex. 2013) (discussing Rule 56(c)(4)'s requirements). The court in that case detailed — at length — the issues with the underlying report. *Id.* at *6–8. The opinion even acknowledges that the court had discretion to allow the proponent of the report an opportunity to cure. *Id.* at *6. But the court appeared to reject this option primarily based on futility: no basis existed to believe that the report's author, a third-party expert retained for litigation, possessed the requisite personal knowledge of the events giving rise to the litigation to allow her to testify at trial. *Id.* at *6–7. Johnson's affidavit and report present a different situation. His report details the methodology of investigation, and Johnson's affidavit suffices to admit the document as an authenticated business record.

### C. *Bhagat's Claims Under the Insurance Code May Proceed*

Seneca has not identified any other basis for judgment on Bhagat's Insurance Code Claim other than its contention that he cannot show a right to benefit under the contract. Having rejected Seneca's request for summary judgment as to the breach of contract claim, the Court declines to grant summary judgment as to the Insurance Code claim.

## IV. THE COURT PARTIALLY GRANTS THE MOTION TO EXCLUDE JOHNSON'S TESTIMONY

In addition to its motion for summary judgment, Seneca has also moved to exclude Johnson's expert testimony. The Court construes the majority of Seneca's motion as repackaging the same challenge to the support for Johnson's conclusions also raised in its motion for summary judgment. For the reasons previously set forth, the Court finds that Johnson adequately articulates the methodology he employed to arrive at his conclusions — at least sufficiently to permit him to meet the requirements of Federal Rule of Evidence 702. Thus, the Court denies the motion to exclude Johnson's testimony as to the timing of hail damage to Bhagat's property. The Court turns to Seneca's separate objection to Johnson's testimony on the current cost to complete the repairs identified in the appraisal.

Johnson may not provide damages evidence as to the current cost to complete the repairs. The Texas Supreme Court has repeatedly explained that appraisal "binds the parties to have the extent or amount of loss determined in a particular way." *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 889 (Tex. 2009) (quoting *Scottish Union & Nat'l Ins. Co. v. Clancy*, 8 S.W. 630, 631 (Tex. 1888); *see also Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 132 (Tex. 2019) ("Rather [appraisals] contractually resolve a particular type

of dispute among insurers and insureds: the amount of the covered loss."). Since the nineteenth century — an era characterized by strong hostility to private arbitration agreements — Texas courts have enforced appraisal clauses as a less objectionable means of limiting the scope of (or circumventing entirely) litigation. *Id.* at 889, 894 (discussing history of enforcement and explaining policy rational by noting that appraisals "require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings"). To allow one party to reopen the case as to damages following an appraisal would allow that party to avoid being bound by the amount of loss as established by the appraisal. Allowing this would undermine the policy rationale underpinning the enforceability of appraisal provisions. To the extent that an insurer has unlawfully delayed payment under a policy, the Texas Insurance Code provides for liability in addition to the damages stemming from breach of the insurance contract capable of making the insured whole even after payment has been delayed by litigation. TEX. INS. CODE ANN. § 542.060. The Court therefore grants Seneca's motion to exclude Johnson's testimony on the current cost of replacement.

## CONCLUSION

For the foregoing reasons, the Court concludes that Bhagat has raised genuine issues of fact on its claims. Accordingly, the Court denies summary judgment. Further, the Court partially grants Seneca's motion to exclude Bhagat's expert's testimony as to the current amount of damages.

Signed November 10, 2021.

_____
David C. Godbey
United States District Judge